UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROGER L. WILLIAMS,

       Plaintiff,

   v.                                    16-CV-642
                                        DECISION AND ORDER

KELLIE S. WILLIAMS,

       Defendant.

---

The pro se plaintiff, Roger L. Williams, has filed a complaint naming his ex-wife, Kellie S. Williams, as the defendant. Docket Item 1. He also has moved to proceed in forma pauperis (that is, as someone who should have the prepayment of the ordinary filing fee waived because he cannot afford it) and has filed the required affidavit. Docket Item 2.

Because Williams meets the statutory requirements to proceed in forma pauperis under 28 U.S.C. § 1915(a), his request is granted. As a result, the Court has screened the complaint under 28 U.S.C. § 1915(e). For the reasons that follow, Williams's claims are dismissed.

## DISCUSSION

**I.    IN FORMA PAUPERIS**

A party seeking to bring a civil action in federal court ordinarily is required to pay a $350 filing fee, 28 U.S.C. § 1914, and an additional administrative fee of $50. *See Wagoner v. Ciocca*, 2016 WL 5720827, at *1 (W.D.N.Y. Sept. 30, 2016). But a litigant

may ask to avoid the payments by moving for leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a)(1).

The court evaluates a litigant's financial status to determine whether he or she is eligible to proceed in forma pauperis under § 1915(a).[1] To be eligible, an applicant must complete an affidavit demonstrating that he or she meets the requirements of § 1915(a). More specifically, applicants are not required to "demonstrate absolute destitution," *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983), but must establish that they cannot afford to pay for both the necessities of life and the costs of litigation. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Because Williams meets the statutory requirements of 28 U.S.C. § 1915(a), Docket Item 2, he is granted permission to proceed in forma pauperis. Therefore, under 28 U.S.C. § 1915(e)(2)(B), this Court screens the complaint.

## II. SCREENING THE COMPLAINT

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). Under § 1915, the court "shall dismiss the case at any time if the court determines that [it] . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

---

[1] 28 U.S.C. § 1915 addresses leave to proceed in forma pauperis. That section's requirement that "the prisoner" provide a statement of all assets that he or she possesses does not preclude non-prisoners from proceeding in forma pauperis in federal court. *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275-76 (6th Cir. 1997). "Only prisoners, however, have the additional requirement of filing a prison trust account" statement under 28 U.S.C. § 1915(a)(2). *Id.* at 277.

monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "The settled rule is that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Flores v. S. Peru Copper Corp.*, 343 F.3d 140, 148 (2d Cir. 2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). But leave to amend a complaint should be denied if any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

In evaluating the complaint, the court must accept all the plaintiff's factual allegations as true and draw all inferences in the plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted)).

### A.  The Complaint's Allegations

A liberal reading of the complaint here tells the following story. In 2000, Kellie Williams "did seek the dissolve of [her] marriage" to the plaintiff, Roger L. Williams. Docket Item 1 at 2. Kellie, her two brothers, and several of their friends ensured that Roger did not receive several notices from the divorce court. *Id.* Among the notices that Roger did not receive was a notice of a claim to marital property. *Id.*

The divorce was finalized by the state court in 2002. *Id.* In June 2002, Kellie demanded "eviction with the threat of arrest if [Roger] did not leave the property by" October 1, 2002. *Id.* Roger left on that date. *Id.* But he did not "remove all of the

3

<u>personal property</u> belonging to [him] after the divorce was finalized and was not allowed to make any further removal of any of that personal property by that threat of arrest." *Id.* (emphasis in original). Shortly after leaving the property, Roger learned that "many of these items of personal property belonging to [him] had been removed." *Id.* at 3. Kellie later admitted during state child support proceedings that she "had [Roger's] property sold." *Id.*

The complaint includes an accounting of "property appropriated by Kellie." *Id* at 5. Roger calculates the "total value of real property and personal property appropriated by Kellie" to be $19,821.80. *Id.*

**B.     Relief Demanded**

Roger requests the following relief:

I have the true and reasonable belief that this is a criminal matter brought about by those knowing and intentional actions to do so by Kellie and therefor[e] I am asking that Kellie be criminally charged with

(1) larceny of personal property

(2) larceny of real property

(3) interstate welfare fraud

(4) interstate extortion by interstate welfare fraud

(5) felony grand larceny in the second degree by extortion

(6) perjury to the court for the purpose of welfare fraud, extortion, and felony grand larceny in the second

(7) false imprisonment for the purpose of extortion and felony grand larceny in the second

*Id.* at 4.

C. Analysis

1. Criminal Charges

As a preliminary matter, to the extent that the plaintiff seeks to assert criminal charges against the defendant, that claim fails. "[A] private citizen lacks a judicially cognizable interest in the [criminal] prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S 614, 619 (1973). The plaintiff may have an interest in his property, but "given the special status of criminal prosecutions in our system," only the public and the person prosecuted or threatened with prosecution have a sufficient interest to maintain standing in criminal prosecutions. *See id.* In other words, "a private citizen has no authority to initiate a federal [or state] criminal prosecution." *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989). "Prosecutorial discretion resides in the state or federal prosecuting authority and not this [C]ourt." *Foster v. Cole*, 2009 WL 1923382, at *2 (D.S.C. June 30, 2009), *aff'd*, 353 F. App'x 833 (4th Cir. 2009). Therefore, as to the relief it requests, the complaint fails to state a claim upon which relief may be granted and is dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Civil State Law Claims

This Court must "construe complaints filed by *pro se* litigants liberally and 'interpret them to raise the strongest arguments that they suggest.'" *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). The plaintiff's complaint may raise state-law tort claims such as conversion, and federal courts sometimes have the power to hear such claims between citizens of different states. *See* U.S. Const. Art. III, § 2; 28 U.S.C. § 1332. "In order to provide a neutral forum for what have come to be known as diversity cases, Congress . . . has

granted district courts original jurisdiction in civil actions between citizens of different States." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "To ensure that diversity jurisdiction does not flood the federal courts with minor disputes, § 1332(a) requires that the matter in controversy in a diversity case exceed a specified amount, currently $75,000." *Id.*

Even assuming that the plaintiff intended to raise a state-law civil claim against the defendant, that claim does not give this Court diversity jurisdiction. Although there may well be diversity of citizenship between the parties,[2] the plaintiff contends that the amount in controversy is, at most, $19,821.80. Docket Item 1 at 5.[3] Therefore, this Court does not have jurisdiction over the plaintiff's claims.[4]

---

[2] The complaint indicates that Roger Williams is a citizen of New York and Kellie Williams is a citizen of Pennsylvania.

[3] In a subsequent motion for default judgment, the plaintiff indicates that the total amount of damages he seeks is higher. *See* Docket Item 3. Even if this Court may look beyond his complaint, and assuming that these new damages are not barred by principles of preclusion or the *Rooker-Feldman* doctrine, *see McCrobie v. Palisades Acquisition XVI, LLC*, 664 F. App'x 81, 83 (2d Cir. 2016) (quoting *Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 94 (2d Cir. 2015)) ("The *Rooker-Feldman* doctrine 'bars the federal courts from exercising jurisdiction over claims 'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'"), the plaintiff asserts that he seeks $70,000 in "total" damages. Docket Item 3. This still is insufficient to meet the minimum amount in controversy to invoke diversity jurisdiction.

[4] Also, because the plaintiff filed his complaint in 2016 but his claims arise from events in 2002, any state-law claims raised in the complaint would likely be time-barred by an applicable statute of limitations. *See Vigilant Ins. Co. of Am. V. Hous. Auth. of City of El Paso, Tex.*, 87 N.Y.2d 36, 45 (1995) ("For Statute of Limitations purposes, an action for conversion as well as an action for damages for the taking of a chattel are subject to a three-year limitation period.") (applying New York law).

6

## **CONCLUSION**

Williams has met the statutory requirements of 28 U.S.C. § 1915(a) and has filed the required affidavit. The Court therefore grants his request to proceed in forma pauperis. But this Court lacks jurisdiction to proceed further. Generally, the Court will afford a pro se plaintiff an opportunity to amend or be heard prior to dismissal. *See Abbas*, 480 F.3d at 639. But because leave to amend the pleading would be futile for the reasons stated above, this Court dismisses Williams's claims under § 1915(e). *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). The plaintiff's motion for default judgment, Docket Item 3, is moot. The Clerk of Court shall close the file.

SO ORDERED.

Dated: September 3, 2019
Buffalo, New York

      *s/ Lawrence J. Vilardo*
      LAWRENCE J. VILARDO
      UNITED STATES DISTRICT JUDGE